STATE OF NORTH CAROLINA v. COY LEE BELL

No. 7426SC540

(Filed 3 July 1974)

**Burglary and Unlawful Breakings § 5— breaking into hardware store — sufficiency of evidence**

    In a prosecution for breaking and entering with intent to steal, evidence was sufficient to be submitted to the jury where it tended to show that defendant was first observed backing out of a broken window of a store, defendant ran but was soon caught, defendant was wearing gloves and a jacket which contained particles of glass like that of the store window when he was apprehended, and there were indications that several offices and a cash register had been ransacked.

ON *certiorari* to review the Order of *Chess, Judge,* at the 12 November 1973 Session of Superior Court held in MECKLENBURG County.

Defendant was indicted for breaking and entering with intent to steal.

State v. Bell

Evidence for the State tended to show that on 10 February 1973, defendant Coy Lee Bell was apprehended in the vicinity of Little Hardware Company in Charlotte. When first seen, defendant was backing out of a broken window at Little Hardware. At the time, defendant's head and shoulders were inside the building. Defendant ran but was caught within a short distance. Defendant was wearing gloves and a jacket. Charlotte police officers, responding to a burglar alarm, noticed broken glass on the inside of Little Hardware but no glass was observed outside the building. There were indications that several offices and a cash register at Little Hardware had been ransacked. An analysis of glass particles removed from defendant's clothing revealed they had the same refractive and density qualities as the glass found inside Little Hardware. There was evidence that the window where defendant was first seen was not broken on 9 February 1973. An officer of Little Hardware testified that defendant was not given permission to break the window and that defendant, contrary to his assertions, had never been employed by Little Hardware as a security guard. He also testified that there was no burglar alarm tape on the window which was broken and that the alarm must have been tripped when someone "walked through" a black light field well inside the store.

Defendant admitted being in the vicinity of Little Hardware but denied breaking or entering the building. He also admitted having been convicted of a number of other crimes.

Defendant was convicted of nonfelonious breaking or entering and sentenced to a prison term of two years.

*Attorney General Robert Morgan by Conrad O. Pearson, Assistant Attorney General, for the State.*

*Charles V. Bell for defendant appellant.*

VAUGHN, Judge.

Defendant's only assignment of error is that the court erred in denying his motion for nonsuit. Defendant contends there was no evidence from which the jury could infer that defendant "wrongfully broke or entered the building in question." This contention is without merit. The evidence was clearly sufficient to take the case to the jury.

No error.

Chief Judge BROCK and Judge MORRIS concur.